# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ANTONIO HENNIS, ) | |
| ) | |
| Plaintiff, ) | Civil Action No. 10-445 |
| ) | |
| v. ) | |
| ) | Magistrate Judge Bissoon |
| OFFICER TEDROW, *et al.*, ) | |
| ) | |
| Defendants. ) | |

## ORDER

Antonio Hennis ("Plaintiff") is a state prisoner currently incarcerated in the State Correctional Institution at Greensburg ("SCI-Greensburg"), located in Greensburg, Pennsylvania. Plaintiff brings this suit pursuant to the Civil Rights Act of 1871, 42 U.S.C. § 1983, alleging deprivations of his rights under the First, Eighth, and Fourteenth Amendments to the United States Constitution by eight Defendants, all of whom were employed by the Pennsylvania Department of Corrections ("DOC") at all times relevant to the complaint. Compl. (Doc. 3) ¶ 51. This suit commenced with this Court's receipt of Plaintiff's motion to proceed *in forma pauperis* ("IFP") on April 5, 2010. (Doc. 1). Leave to proceed IFP was granted on April 7, 2010. (Doc. 2). Plaintiff consented to the jurisdiction of a magistrate judge on April 7, 2010. (Doc. 5). Defendants consented to the same on June 29, 2010. (Doc. 17).

Before this Court is Plaintiff's motion for relief from judgment (Doc. 44), in which Plaintiff moves this Court to correct its "mistaken" dismissal of some of Plaintiff's claims against Defendant Watkins, and grant of summary judgment in favor of Defendant Watkins on others. In support of this, Plaintiff cites to language in the order indicating that this Court had

1

determined that Plaintiff had made sufficient factual allegations of personal involvement to survive dismissal under the legal theory of *respondeat superior*. See (Doc 44) ¶ 3.

It is true that this Court determined that, due to Plaintiff's allegations of personal involvement, Defendants' argument that § 1983 provides a cause of action against only those individuals who were personally involved in an alleged constitutional deprivation "d[id] not dispose of Plaintiff's claims against Defendant Watkins." (Doc. 41) at 13; see also Evancho v. Fisher, 423 F.3d 347, 353 (3d Cir. 2005). However, this Court also found that Plaintiff had not exhausted his administrative remedies against Defendant Watkins, and thus granted this Defendant summary judgment in part, and dismissed other claims against him. (Doc. 41) at 15 and 17; see also id. at 19 n. 7. Because Plaintiff did not exhaust the administrative remedies available to him against Defendant Watkins, he is statutorily precluded from relief. 42 U.S.C. § 1997e(a). Thus, Plaintiff's motion is frivolous, and will be denied.

AND NOW, this 25thday of April, 2011,

IT IS HEREBY ORDERED that Plaintiff's Motion for Relief from Judgment or Order (Doc. 44) is DENIED.

                                                     s/Cathy Bissoon
                                                     CATHY BISSOON
                                                     UNITED STATES MAGISTRATE JUDGE

cc:
**ANTONIO HENNIS**
HY-4980
S.C.I. Greensburg
165 S.C.I. Lane
Greensburg, PA 15601